(89 South. 213)

No. 23372.

LIPS v. ROYAL INS. CO. OF LIVERPOOL, ENGLAND, et al.

(May 30, 1921. Rehearing Denied June 30, 1921.)

(Syllabus by Editorial Staff.)

1. Dismissal and nonsuit ⬯60(2)—Withdrawal of record by counsel is not a step in the progress of the action which will prevent dismissal.

Withdrawal of the record on motion by counsel for plaintiff was not a step forward in the progress of the cause, and, where no other action was taken during five years, it will not prevent dismissal under Civ. Code, art. 3519, as amended by Act No. 107 of 1898, declaring that, whenever the plaintiff shall allow five years to elapse without having taken any steps in prosecution, he shall be considered as having abandoned the cause.

2. Dismissal and nonsuit ⬯60(7)—That action was delayed during the pendency of similar action by another party will not preclude dismissal.

Where a libel action was delayed for five years without plaintiff taking any steps in prosecution thereof, it will be dismissed as abandoned under Civ. Code, art. 3519, as amended by Act No. 107 of 1898, even though proceed-

ings were had in an identically similar action pending by another plaintiff and counsel were the same in both actions; there being no express agreement of record that the decision in one should be binding in the other.

3. Dismissal and nonsuit ⬯50—Filing of answer not waiver of want of prosecution.

Where, after exceptions were filed, plaintiff took no further steps for five years, whereupon defendants moved to dismiss, the fact that defendants during the pendency of the five-year period filed an answer will not be deemed a waiver of the time already run so as to prevent dismissal for abandonment under Civ. Code, art. 3519, as amended by Act No. 107 of 1898, for until the five years' delay had accrued it did not exist.

4. Dismissal and nonsuit ⬯60(2)—Filing of answer by defendants will not be deemed step in prosecution of cause.

Where, after the filing of exceptions, defendants filed an answer, the filing of their answer cannot be deemed a step in the prosecution of the action by plaintiff so as to prevent dismissal under Civ. Code, art. 3519, as amended by Act No. 107 of 1898, on the theory that five years' delay was an abandonment.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by J. Julius Lips against the Royal Insurance Company of Liverpool, England, and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

Lazarus, Michel & Lazarus and Herbert S. Weil, all of New Orleans, for appellant.

John C. Hollingsworth and Farrar, Goldberg & Dufour, all of New Orleans, for appellees.

PROVOSTY, J. The plaintiff in the present suit and one Abram J. Wolf brought exactly similar suits against the fire marshal and 19 fire insurance companies on allegation that these defendants had conspired together to libel and slander them. Exceptions exactly similar were filed in the two suits. The counsel were the same. The Wolf suit was proceeded with. The present one was left in statu quo; doubtless, to await the result of the other. The exceptions were sustained below and the suit dis-

missed; and on appeal to this court they were overruled, and the case remanded for trial. Wolf v. Insurance Co., 130 La. 679, 58 South. 507. In the present case a motion to dismiss the suit as having been abandoned, because of the plaintiff having allowed five years to elapse without taking any steps in the prosecution of it, was sustained below.

Act 107, of 1898, amending article 3519 of the Civil Code, reads:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

In February, 1910, the suit was filed. In March, 1910, the exceptions were filed, and in January, 1911, they were continued indefinitely. In March, 1912, the decision of this court in the Wolf suit was handed down. In May, 1912, and December, 1913, nine of the defendant insurance companies filed answers, with reserve of the exceptions. The motion to dismiss the suit as having been abandoned was filed February 2, 1916. Except as here stated, no proceedings were taken in the present suit.

[1] On September 2, 1913, a motion was made by the counsel of plaintiff for permission to withdraw the record, and this is now sought to be relied on as having been a step in the prosecution of the suit. But clearly by a step in the prosecution of a suit is meant something done in court towards the progress of the suit in court; and a withdrawing of the record by counsel, with or without permission of the court, is merely something for the convenience of counsel, and is not a step forwarding the progress of the case in court.

[2] Also it is said that obviously the reason why the present suit was not prosecuted was that it involved precisely the same issues as the other, and that the counsel being the same in both there was really no reason for going on with both, since the decision in one would plainly be conclusive of the other. The answer to this is that the proceedings in the one suit could be considered to be proceedings in the other only as an effect of an express agreement to that effect of record, and that there was no such agreement.

Counsel find analogy between the present case and those of Barton v. Burbank, 138 La. 997, 71 South. 134, where the case was kept under advisement for five years, and Cotonio v. Richardson, 4 Court of Appeal 280, where the court had ordered the suit to await the result in another suit; but the delay in these cases was because of the act of the court, which can injure no one, whereas in the present case it was by the act of counsel in not prosecuting their suit.

[3] Finally, the filing of the answers is said to have operated as a waiver of that part of the five years' delay which had theretofore elapsed; so that the computation of the five years should be from the time of the filing of these answers. And the case of Geisenberger v. Cotton, 116 La. 651, 40 South. 929, is cited where the defendant had filed his answer after five years had elapsed without any steps having been taken in the suit, and had made no motion in the lower court to dismiss the suit for nonprosecution, but made the motion in the Supreme Court; and the court held that by filing his answer he had waived the five years' delay.

When the answers were filed in this present case the five years' delay had not accrued, it did not exist; hence there was nothing that the defendants could have waived, even if they had been desirous, nay anxious, to waive something. There was therefore no waiver.

[4] The filing of the answers not amounting to a waiver, it could affect the five years' delay only if it could be considered to be a

step taken by plaintiff in the prosecution of the suit; and it cannot be so regarded. When an answer is filed in a case ripe for default—to forestall the taking of a default—the defendant may be considered to have acted, in filing the answer, under stress of a necessity created by plaintiff; and therefore the filing of the answer may be considered to have been a step taken by the plaintiff in the prosecution of the suit. But when an answer is filed in a case pending on exception, the situation is different. Until the exception has been disposed of, a default may not be taken, and hence the defendant is under no necessity to file an answer. His doing so may amount to a waiver, as was held in the said Cotton Case, supra; but, it not having been compelled by the necessity of saving the case from default, it cannot be considered to have been a step taken by plaintiff in the prosecution of the suit. In the present case, there was no waiver, since there was nothing that could be waived; and there was no compulsion, since the case was pending on exception.

Judgment affirmed.

O'NIELL, J., concurs in the decree.