For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., does not take part.

200 So. 280

SLIMAN v. ARAGÜEL.

No. 36024.

Jan. 6, 1941.

Rehearing Denied Feb. 3, 1941.

Lazarus, Weil & Lazarus, of New Orleans, for relatrix.

Schwarz, Guste, Barnett & Redmann and William J. Guste, all of New Orleans (John Pat Little, of New Orleans, of counsel), for respondent.

PONDER, Justice.

Tounis Sliman instituted suit against Mrs. Marie Araguel, the relatrix herein, in the Civil District Court for the Parish of Orleans on September 12, 1929, which suit bears docket number 182779 of that court.

The suit was allotted to Division C. Certain preliminary exceptions were interposed and overruled. An answer was filed to the suit and the case was assigned for trial for March 8, 1933. On March 8, 1933, the case was partially tried and continued to be reassigned. The records of the lower court show that no further steps were taken in the case by either of the litigants until June 20, 1940, at which time the case was placed on the call docket of the lower court, on the motion of plaintiff's counsel, in order that it might be reassigned for trial. Shortly thereafter, on June 28, 1940, counsel for the defendant filed a motion to have the suit dismissed under the provisions of Article 3519, R.C.C. A rule was issued ordering the plaintiff to show cause on July 5, 1940, why the suit should not be dismissed. Upon trial the lower court overruled the motion to dismiss the suit. The defendant, the relatrix herein, applied to this court for the writs of certiorari, prohibition and mandamus which were granted. The matter is now submitted for our determination.

From our examination of the records of the lower court we find that the only reference made therein to the continuance of the case was to the effect that the case was continued for reassignment. However the testimony taken on the trial of the rule to dismiss the suit shows that the case was continued by consent at the request of the defendant's counsel for the purpose of defendant's counsel preparing a statement of facts acceptable to counsel for the plaintiff which was to be used in evidence in lieu of counsel for defendant testifying.

The testimony also shows that conferences were had and correspondence passed between opposing counsel over a period of time with reference to the statement and that after the statement was prepared by counsel for defendant it was not acceptable to counsel for the plaintiff.

The last paragraph of Article 3519, R. C.C., as amended by Act 107 of 1898, reads as follows:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

In the case of State ex rel. Yazoo & M. V. R. Co. v. Edrington, Judge, 11 Orleans App. 288, Mr. Justice St. Paul, who later became a member of this court, as organ of the court stated:

"As it is perfectly clear that there could be no uncertainty whatever that a plaintiff had no intention of abandoning his suit, if he had actually taken some formal steps before the Court in connection therewith, it follows that the whole uncertainty grew out of things done informally and out of Court.

"Hence it was this species of uncertainty which the Legislature meant to eliminate.

"To hold then, that anything done in pais might constitute a step taken in the prosecution of the suit would be to restore the whole matter to the same chaotic condition in which it was before, and thus defeat absolutely the legislative purpose.

"A step in the prosecution of a suit, within the meaning of Act 107 of 1898, requires some formal move before the Court, intended to hasten the judgment."

In the case of Augusta Sugar Co., Ltd., v. Haley, 163 La. 814, 112 So. 731, 732, Mr. Justice St. Paul, speaking as the organ of this court stated:

"The only other evidence which plaintiff has given of its interest in the suit has been purely passive; i. e., in resisting defendants' efforts to have the suit dismissed, to wit, three former motions by defendant to dismiss the suit as abandoned and one motion to strike out the supplemental petition as tending to change the issues.

"We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. Otherwise we would have this absurd result, that every effort of a defendant to dismiss the suit would result merely in prolonging the delay within which the plaintiff must proceed with the prosecution thereof."

The "step" in the prosecution requires a formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court. Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213.

Counsel for the respondent contends that the presumption that the plaintiff had abandoned his case under the wording of Article 3519, as amended, is not a conclusive presumption and the plaintiff has the right to rebut it by showing he could not go forward with the suit. In support of this contention counsel cites Bell v. Staring, La.App., 170 So. 502. The case cited by counsel refutes his contention. It is stated in Bell v. Staring, supra, to the effect that a situation arising outside of the record making it inadvisable for plaintiff to go forward with the case cannot avail him unless this circumstance is embodied in an agreement placed in the record.

Counsel further contends that the defendant having failed to urge his abandonment contention before the case was placed on the call docket, at the instance of the plaintiff, that the plea filed afterwards comes too late. In support of this contention counsel cites Harrisonburg-Catahoula State Bank v. Meyers et al., La.App., 185 So. 96. From an examination of the cited case it appears that abandonment of the suit was urged in the appellate court and the holding therein was to the effect that the defendant having failed to urge his contention before judgment was rendered by the district court that it came too late. The case is not applicable for the reason that in the instant case abandonment of the suit is urged before the trial in the lower court is completed. No judgment has been rendered in the instant case in the lower court.

The alternative writ of mandamus, or rule to show cause, heretofore issued, is now made peremptory, and, accordingly, the respondent judge, is directed to dismiss the suit of Tounis Sliman v. Mrs. Marie Araguel, as having been abandoned, at respondent's cost. He is to pay also the costs of this mandamus proceeding.