85 So.2d 312 (1956)
Ben F. REAGOR, Plaintiff-Appellant,
v.
FIRST NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 8421.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1956.
Rehearing Denied March 2, 1956.
Writ of Certiorari Denied May 7, 1956.
*313 Comegys & Harrison, Shreveport, for appellant.
Normann & Normann, New Orleans, Ferris & Achee, Shreveport, for appellee.
HARDY, Judge.
This is a compensation suit in which, after trial on the merits, plaintiff's demands were denied and he has appealed.
The original petition was filed November 19, 1945. Defendant's exception of no right and no cause of action was sustained by the District Court and plaintiff's suit dismissed. This judgment was affirmed by this court in Reagor v. First National Life Insurance Co., 28 So.2d 527. Writs were granted by the Supreme Court, which rendered judgment reserving plaintiff's right to supplement his pleadings and remanding the case to the First Judicial District Court for further proceedings, 212 La. 789, 33 So. 2d 521. Subsequent to the judgment of the Supreme Court plaintiff filed an amended and supplemental petition, and, again, defendant interposed an exception of no right and no cause of action, which was overruled. After answer by defendant the case was tried on the merits. Trial was begun on May 13, 1949, according to the minutes of the District Court which are incorporated in the record, and was concluded on May 17, 1949, the minute entry for said date reading:
"Trial resumed. Evidence further adduced, closed and case continued for argument."
On May 21, 1954, counsel for defendant filed a motion to dismiss, the ground for which was set forth therein as follows:
"The plaintiff, before obtaining final judgment in this suit, has allowed five years to elapse without having taken any steps in the prosecution thereof and therefore has abandoned this suit."
Pursuant to the above motion a rule to show cause, directed to plaintiff, was issued, in answer to which rule plaintiff denied the allegations thereof, and, further, specifically pleaded as follows:
"Further pleading, respondent in rule avers:
"(a) That the last step taken in the prosecution of this cause was taken on the 21 day of November, 1949, on or about which date plaintiff herein, respondent in rule, paid for and on which day he cause to be filed in the record of this cause the transcript of evidence taken on the trial of said case, which was a necessary and formal step taken in the furtherance of the prosecution of this cause to final judgment.
"(b) That although the taking of evidence in this case on its merits was concluded on or about the 17th day of May, 1949, the transcription of said testimony was not completed by the official court reporter of this Honorable Court until July 9, 1949.
"(c) That under the rules of this Honorable Court and under the universal practice of the bar before this Court, the transcription of and the filing of the transcript of evidence is a necessary step in the orderly conduct and functioning of the judicial process and, except in cases triable summarily and cases falling within one of the exceptions stated in Rule XVII of this Honorable Court, cases may be tendered for argument and submitted for decision on the merits only after briefs have been filed by the party tendering same for argument, which briefs as a practical matter cannot be *314 intelligently and accurately composed without reference to the transcript of the evidence. (Rule XIV)."
A stipulation of counsel filed on trial of the rule contained the following recitals:
"1. Case heard on merits May 13 & 17, 1949, & continued for argument.
"2. Evidence transcribed & completed July 9, 1949, and Paid for by counsel for Plaintiff, & the evidence was filed with the Clerk of Court on Nov. 21-1949.
"3. Rules of Court filed in evidence.
"4. Minutes of Court in this Case filed in evidence.
"5. Last minute entry: May 17, 1949."
The motion to dismiss was refused and plaintiff applied to the Supreme Court for writs of prohibition, certiorari and mandamus, which were refused on the ground that applicant possessed the remedy of appeal.
Before this Court counsel for defendant timely filed an answer to plaintiff's appeal, which prayed for judgment dismissing plaintiff's suit for lack of prosecution, and, alternatively, for the affirmance of the judgment of the District Court on the merits.
Ordinarily we would be disposed to consider and determine the instant case on the merits, but, in view of counsel's insistence upon a pronouncement on the motion to dismiss, as evidenced by the answer to the appeal, we feel that defendant, having preserved and insisted upon this nature of relief, is entitled to a resolution of this point. Accordingly, we proceed to a discussion of the motion to dismiss.
The motion is predicated upon that provision of Article 3519 of the LSA-Civil Code which reads as follows:
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
The facts relied upon in support of this codal provision, as substantiated by the minutes and filings, are that:
1. Trial of the case on the merits was completed and the case was continued for argument on May 17, 1949.
2. On May 21, 1954, the motion to dismiss for lack of prosecution was filed by counsel for defendant.
The defense, to what otherwise appears to be a clear showing of failure of prosecution for a period of more than five years, rests upon the stipulated fact that the transcript of the evidence taken on trial of the case was completed on July 9, 1949 and filed with the Clerk of Court on November 21, 1949.
The issue which is clearly set up in consideration of the above facts rests upon an interpretation of the final act of the completion of the transcript of evidence by the court reporter, the payment therefor by the plaintiff and the filing thereof with the Clerk of Court. The question is whether this proceeding constituted "a step" in the prosecution of plaintiff's action.
A most able and comprehensive consideration of this point is set forth in the opinion of Mr. Justice Ponder in the case of Sliman v. Araguel, 196 La. 859, 200 So. 280, 281. In the course of the opinion the court declared:
"The `step' in the prosecution requires a formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court. Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213." (Emphasis supplied.)
Prefatory to the above quoted declaration the opinion in the cited case also quoted from the holding in Augusta Sugar Co., *315 Ltd. v. Haley, 163 La. 814, 112 So. 731, 732, as follows:
"We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. Otherwise we would have this absurd result, that every effort of a defendant to dismiss the suit would result merely in prolonging the delay within which the plaintiff must proceed with the prosecution thereof." (Emphasis supplied.)
As will be observed from the recitals of defendant's answer to the motion to dismiss, it is contended that the transcription and filing of the transcript of evidence is a "necessary step in the orderly conduct and functioning of the judicial process." It is further urged in this connection, as a practical proposition, that the briefs cannot be intelligently and accurately composed without reference to the transcript of evidence.
The above argument would be entitled to greater weight if the record disclosed any facts to indicate that the filing of the transcript had been designed to permit the preparation of briefs and the tendering of the case for setting. Since, obviously, no action was taken over a period of 4½ years until defendant was forced to action by the filing of the motion here under consideration, it cannot be considered that the mere filing of the transcript of testimony was designed as a step in plaintiff's prosecution of his case intended to hasten the suit to judgment.
Under the facts, we do not think the payment of the reporter's fee and the consequent filing of the transcript of evidence fall within the definition of "steps" in the prosecution of plaintiff's case under the interpretation of the Supreme Court, to which reference is made, supra.
For the reasons assigned, we think the District Court erred in its failure to sustain defendant's motion to dismiss, and, accordingly, it is now ordered, adjudged and decreed that defendant's motion to dismiss plaintiff's suit for want of prosecution be, and it is hereby, sustained, and plaintiff's suit is dismissed at his cost.