92 So.2d 156 (1957)
Gorden C. SANDERS, for and on behalf of his minor son, David C. Sanders, Plaintiff-Appellant,
v.
Herbert LUKE, Defendant-Appellee.
No. 4323.
Court of Appeal of Louisiana, First Circuit.
January 2, 1957.
Rehearing Denied February 4, 1957.
Blanchard & Blanchard, Donaldsonville, for appellant.
Bauer & Bauer, Franklin, for appellee.
TATE, Judge.
While playing "Robin Hood" together, plaintiff's 11 year old son was struck in the eye by an "arrow" (twig) fired by defendant's boy, aged 10. After trial on the merits, the District Court dismissed plaintiff's suit. Defendant answers plaintiff's appeal, by re-urging his motion (overruled below) that the cause be dismissed for five years' non-prosecution; alternatively urging affirmance of the dismissal on the merits.
Counsel for defendant devoted his entire oral argument and the major portion of his brief to a scholarly discussion of the jurisprudence concerning abandonment by reason of five years' non-prosecution, Article 3519, LSA-Civil Code, and earnestly insists that the Court below erred in failing to sustain defendant's motion to dismiss the suit on this ground.
*157 Article 3519 pertinently provides:
"* * * Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same. * * *"
This portion of Article 3519 was added by Act 107 of 1898. The "purpose of the act was to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue." Augusta Sugar Co., Ltd. v. Haley, 163 La. 814, at page 816, 112 So. 731, at page 732.
The legal question to be decided is whether the payment of the court costs for the transcript of evidence on August 28, 1951, interrupted the five years between the minute entry following conclusion of the trial on April 12, 1950[1] and the ex parte order secured by plaintiff on August 22, 1955 assigning the case to the District Judge who had succeeded the trial judge and further fixing the time within which briefs were to be filed.[2] No briefs were filed prior to this latter date, nor had the case ever been submitted to the trial court for decision.
Our learned brother below did not have the advantage of the persuasive opinions of our brethren of the Second Circuit in two recent cases which decided the identical or similar questions adversely to the contention of present plaintiff, namely Newson v. Bailey, 88 So.2d 391 and Reagor v. First National Life Insurance Co., 85 So.2d 312. Our Supreme Court denied writs of certiorari and review in the Reagor case on May 6, 1956.
The Reagor case held that the payment for and filing of the transcript of evidence on November 21, 1949, did not interrupt the five years elapsing between May 17, 1949 (when the last minute entry showed that the trial had concluded) and May 21, 1954 (when counsel for defendant filed a motion to dismiss on the ground of five years non-prosecution). The transcription of the evidence therein was completed on July 9, 1949.
Likewise, in the Newson case [88 So.2d 392] the Second Circuit, through Judge Hardy stated that the filing of the transcript of the evidence on February 3, 1956 "was not such an action as constituted an active step in the prosecution of this suit", within the meaning of LSA-Civil Code, Article 3519.
These recent decisions rely upon the Supreme Court case of Sliman v. Araguel, 196 La. 859, 200 So. 280, 281, where our Supreme Court with Mr. Justice Ponder as organ, after discussing the history and the legislative purpose of the 1898 amendment to Article 3519 now under discussion, declared:
"The `step' in the prosecution requires a formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court. Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213."
The Sliman case involved a long delay during which counsel for plaintiff and counsel *158 for defendant held several conferences and engaged in correspondence relative to preparation of a statement of facts. As finally prepared, this statement was not acceptable to counsel for plaintiff, who then more than five years from the last date of partial trial of the matter, moved to place the case on the call docket of the trial court. Defendant then filed its successful motion to dismiss for five years non-prosecution.
The Lips case held that a formal motion to withdraw the transcript for purposes of preparing a brief was not an active step in the prosecution of a suit sufficient to interrupt the five years after which the suit is presumed to be abandoned within the meaning of Article 3519, being merely an action for the convenience of the counsel and not a step forwarding the progress of the suit.
The above cases and the jurisprudence upon which they rely are authority for the proposition that to be a step in the prosecution of the suit so as to interrupt the running of the five years' inaction after which a plaintiff is presumed to have abandoned his suit, the action taken must be a formal move before the Court, such as a motion to fix the case for trial, or filing some motion or pleading forwarding the progress of the suit. See authorities collected, Doyle, "The Abandonment of a Suit Its Effect on Prescription", 22 Tulane Law Review 504, 508-511; Note, "What Constitutes Abandonment of Suit", 3 La. Law Review 835.
The cases relied upon by plaintiff actually are not contradictory of this holding. Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35 (on rehearing) involved a minute entry showing that the suit was placed on the call docket, although merely at the informal request of plaintiff's counsel. Watt v. Creppel, La.App.Orleans, 67 So.2d 341 involved a petition to substitute the original plaintiff's heirs as parties plaintiff due to the former's decease. Both of these cases involve actions of plaintiff's counsel, though in one case informal, that resulted in formal action before or by the Court advancing the prosecution of the suit.
It perhaps should be added that the presumption of abandonment by five years inaction is not conclusive. Plaintiff is excused from application thereof if he can show that his failure to prosecute was due to circumstances beyond his control, Zatarain v. Portera, La.App.Orleans, 63 So.2d 477 (where both litigants were in the military service, and neither could have advanced the cause to trial). For instance, the plaintiff is not penalized if the delay is due to the prolonged consideration of the court to which the matter has been submitted and which is holding the case under advisement, Barton v. Burbank, 138 La. 997, 71 So. 134.
There is considerable force to plaintiff's arguments that the very fact that he paid money in court costs to secure the transcript of evidence conclusively indicates that at that time plaintiff did not intend to abandon the suit and rebuts a contrary presumption; that to secure the transcript was a step in the prosecution of the suit, since such transcript was necessary to prepare plaintiff's brief; and that the rules of the District Court herein required the prepayment of the Court Reporter's fees before release of the transcript and submission of the record to the District Court, which also indicates that such payment of the Court Reporter's fee was a necessary step to advance the suit.
Were this a matter of first impression, we would be inclined to accede to the persuasive force of these arguments, so ably urged. However, similar arguments were unsuccessfully made in the jurisprudence upon which we rely to reach our present decision that the payment of the Court Reporter's fee is not a step in the prosecution of the suit within the meaning of the Article 3519, being an informal transaction outside the record, rather than formal action within the judicial proceedings to advance the claim.
*159 As in most difficult decisions, we are faced with a border-line conflict between two sound policies: on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. The pertinent portion of Article 3519 was adopted pursuant to the latter objective, and has been judicially interpreted as calling for the certainty of formal action in the judicial proceedings themselves, rather than the uncertainty of informal action by counsel outside thereof, as necessary to interrupt the running of the five years during which action is required.
For instance, in the present suit the Court Reporter completed her transcription and sent her bill in the amount of $41 therefor on May 1, 1950. It was finally paid on August 28, 1951, her letter of said date indicating that several installments had been paid during the interval. It is not inconceivable, were the act of making a partial payment of the Court Reporter's fees construed to be a step in the prosecution of the action, that claims could be preserved indefinately by payment of small installments of the costs due, in contravention of the legislative purposes of LSA-Civil Code, Article 3519 herein applicable.
Since this Court has sustained defendant's motion to dismiss this suit on the ground of five years' non-prosecution under Article 3519, it is unnecessary to consider the other questions involved in the District Court's dismissal of the present suit upon the merits.
For the above and foregoing reasons, judgment is rendered dismissing plaintiff's suit.
Affirmed.
NOTES
[1] "* * * the case to be submitted on briefs on completion of the transcription of the note of evidence."
[2] The court reporter had completed and filed the transcript of the note of evidence of May 1, 1950, and so notified counsel for plaintiff, requesting payment "so that I may be in a position to notify the Clerk of Court to release the record to you." On August 28, 1951, when the client had completed paying for the transcript, the Court Reporter so notified counsel for plaintiff.