169 So.2d 422 (1964)
Carl P. HENRY, Sr., Plaintiff-Appellant,
v.
O. R. STEPHENS et al., Defendants-Appellees.
No. 1311.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1964.
Cunningham & Cunningham, by W. Peyton Cunningham, Natchitoches, Gist, Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for plaintiff-appellant.
Stafford & Pitts, by John L. Pitts, Alexandria, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
The plaintiff appeals from judgment dismissing his action on the ground that no steps had been taken in its prosecution or defense for a period of more than five years.
The record reveals that the case was tried on April 2, 1958, and that the plaintiff did not file his trial brief until July 15, 1963, or more than five years later. The plaintiff contends, however, that the present action was not abandoned because his brief was filed within five years of July 18, 1958, the date that the transcript of testimony was certified and filed by the court reporter.
The question is whether the filing of the transcript constituted a step in the prosecution of the action so as to prevent the application of LSA-C.C.P. art. 561; which pertinently provides: "An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. * *" The trial court held that the transcript filing did not interrupt the running of the five years, and it thus held that the dismissal of the plaintiff's suit was required by the quoted code provision.
*423 Under the jurisprudence, normally, neither the filing of the transcript of testimony nor the payment of court costs for such transcript are regarded as steps in the prosecution or defense of an action. Sanders v. Luke, La.App. 1 Cir., 92 So.2d 156; Newson v. Bailey, La.App. 2 Cir., 88 So.2d 391; Reagor v. First National Life Insurance Co., La.App. 2 Cir., 85 So.2d 312. This is because of the jurisprudential definition of a "step" in the prosecution or defense of the action as some "formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court." Sliman v. Araguel, 196 La. 859, 200 So. 280, 281.
The plaintiff relies upon jurisprudence to the effect that the filing of the transcript may be considered a step in the prosecution or defense of the suit when some further action, such as the filing of briefs, is conditioned upon such filing of the transcript, at least where a delay in filing the transcript is not attributable to the plaintiff. Cf. Washington v. Harvey, La.App. 2 Cir., 124 So.2d 240, and the above-cited Reagor case at 85 So.2d 315. Cf. also, Gauthreaux v. Southern Six Drilling Co., La.App. 3 Cir., 130 So.2d 759.
In the present case, however, the minute entry merely shows that the case was laid over for the filing of the transcript of testimony, without for instance conditioning the filing of briefs upon such action. We cannot say, under these circumstances, that the usual rule should not apply that the filing of the transcript and the payment for it are not considered steps in the prosecution of an action, since they are not formal moves before the court intended to hasten judgment.
For the foregoing reasons, the judgment of the district court dismissing the plaintiff's suit is affirmed, at the cost of the plaintiff-appellant.
Affirmed.