176 So.2d 471 (1965)
Edward DeCLOUET and Edward DeClouet for and on behalf of Jerome DeClouet, a Minor, Plaintiff-Appellant,
v.
The KANSAS CITY SOUTHERN RAILWAY COMPANY et al., Defendants-Appellees.
No. 1404.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1965.
Rehearing Denied June 24, 1965.
Nichols & Drewett, by E. M. Nichols, Lake Charles, and James B. Collins, Lake Charles, for plaintiff-appellant.
Porter, Scofield & Cox, by James J. Cox, Lake Charles, for defendants-appellees.
Before FRUGE, HOOD and CULPEPPER, JJ.
*472 CULPEPPER, Judge.
Plaintiff's tort suit was dismissed as having been abandoned by failure of the plaintiff or defendant to take any steps in its prosecution for five years. (LSA-C.C.P. Art. 561) Plaintiff appealed.
The facts are undisputed. Plaintiff's petition was filed on March 20, 1959, and the defendants' answer was filed April 2, 1959. On October 28, 1964, more than five years after the filing of plaintiff's petition and the defendants' answer, plaintiff filed a rule citing defendants to show cause why the case should not be placed on the "active docket" and assigned for trial. Defendants, on November 9, 1964, filed a motion for dismissal on the ground of abandonment. At the trial of the motion to dismiss, evidence of negotiations between the parties and of certain discovery depositions taken within the five year interval was introduced. These depositions were taken at the request of plaintiff, for purposes of discovery, under a stipulation by counsel for plaintiff and defendant as to the time, place, etc., all as provided for in LSA-C.C.P. Art. 1421 et seq. Nothing concerning the depositions was made a part of the court record of the case.
The sole issue presented is whether the taking of the depositions constituted steps in the prosecution of the suit, within the meaning of LSA-C.C.P. Art. 561, which reads as follows:
"Art. 561. Abandonment in trial and appellate court
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.
"An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for a period of five years; and the appellate court shall dismiss the appeal summarily."
Our jurisprudence is now firmly established that the term "steps in its prosecution", as contained in LSA-C.C.P. Art. 561, and its source, Louisiana Civil Code Art. 3519, requires some formal action before the court, intended to hasten the suit to judgment. In the very recent case of Henry v. Stephens, La.App., 169 So.2d 422 (3rd Cir. 1964), the alleged step in the prosecution was that plaintiff had filed the transcript of testimony and paid the court reporter. We held as follows:
"Under the jurisprudence, normally, neither the filing of the transcript of testimony nor the payment of court costs for such transcript are regarded as steps in the prosecution or defense of an action. Sanders v. Luke, La. App. 1 Cir., 92 So.2d 156; Newson v. Bailey, La.App. 2 Cir., 88 So.2d 391; Reagor v. First National Life Insurance Co., La.App. 2 Cir., 85 So.2d 312. This is because of the jurisprudential definition of a `step' in the prosecution or defense of the action as some `formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court.' Sliman v. Araguel, 196 La. 859, 200 So. 280, 281."
The reason for the requirement that the "steps in its prosecution" must be something done formally in the court, is given by our Supreme Court in Sliman v. Araguel, 196 La. 859, 200 So. 280 (1941) as follows:
"In the case of State ex rel. Yazoo & M. V. R. Co. v. Edrington, Judge, *473 11 Orleans App. 288, Mr. Justice St. Paul, who later became a member of this court, as organ of the court stated:
"`As it is perfectly clear that there could be no uncertainty whatever that a plaintiff had no intention of abandoning his suit, if he had actually taken some formal steps before the Court in connection therewith, it follows that the whole uncertainty grew out of things done informally and out of Court.
"`Hence it was this species of uncertainty which the Legislature meant to eliminate.
"`To hold then, that anything done in pais might constitute a step taken in the prosecution of the suit would be to restore the whole matter to the same chaotic condition in which it was before, and thus defeat absolutely the legislative purpose.'"
This legislative purpose of providing certainty in the court record itself as to when a suit is ripe for a motion of abandonment, was reaffirmed by our legislature when it added to LSA-C.C.P. Art. 561, the following provision, not found in the source Civil Code Art. 3519:
"This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment."
See also the Official Revision Comments under LSA-C.C.P. Art. 561, which support our view.
Plaintiff argues he did not at any time intend to abandon this suit; that he followed the procedures set forth for the taking of discovery depositions in our Code of Civil Procedure, Art. 1421, et seq.; and he should not be penalized because he took these depositions outside the record, under a stipulation of counsel, rather than by filing formal motions in court for the taking thereof.
This is indeed a persuasive argument. But we find ourselves in the same position as the court in Sanders v. Luke, La.App., 92 So.2d 156 (1st Cir.1957) where it said:
"As in most difficult decisions, we are faced with a border-line conflict between two sound policies: on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. The pertinent portion of Article 3519 was adopted pursuant to the latter objective, and has been judicially interpreted as calling for the certainty of formal action in the judicial proceedings themselves, rather than the uncertainty of informal action by counsel outside thereof, as necessary to interrupt the running of the five years during which action is required."
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.
FRUGÉ, Judge (dissenting).
Though not unmindful of the strength of the legal authorities relied on by the majority, I refuse to be bound by the shackles of the procedural technicality which has here been allowed to deprive the injured parties of their day in court.
No case in our jurisprudence dealing with the issue of abandonment of a suit involves the taking of discovery depositions. The cases stating the general rule deal rather with such action as the payment *474 of a court reporter's fee (Sanders v. Luke, La.App. 1st Cir., 92 So.2d 156); motion to withdraw a transcript for the purpose of preparing a brief (Lips v. Royal Insurance Co., 149 La. 359, 89 So. 213); casual negotiations between the parties (Sliman v. Araguel, 196 La. 859, 200 So. 280); and certification and filing of the transcript of testimony by the court reporter (Henry v. Stephens, La.App. 3rd Cir., 169 So.2d 422).
Louisiana Code of Civil Procedure Article 1421, formerly L.R.S. 13:3741, provides:
"If the parties so stipulate in writing, a deposition may be taken by any person, at any time or place, upon any notice and in any manner, and when so taken may be used as any other deposition."
This article was placed as the first article of Chapter 3, Title III, of the Code of Civil Procedure, entitled "Depositions and Discovery," as well as in its forerunner, Act 202 of 1952, with the purpose of emphasizing the intended flexibility of the use of discovery depositions in serving the convenience of the parties. See Hubert, "The New Louisiana Statute on Depositions and Discovery," 13 La.L.Rev. 173, 179-180.
In the instant case the depositions were so taken by agreement of the parties, notice of examination as provided for in C.C.P. Art. 1451 having been waived. The taking of the depositions did not require leave of court in that they were taken well after the commencement of the action. C.C.P. Art. 1436.
Had the depositions been taken subject to notice, the subpoena requiring attendance of the witnesses would have appeared in the record. In such instance I do not think the defendants could seriously urge that there was lacking a step in the prosecution of the suit within the required five year period. Under the circumstances of this case, I do not believe the result should be different due to the agreement of the parties to forego the statutory formalities. A contrary holding would place a severe limitation on the desirable and much-used practice of taking discovery depositions at at minimum of cost and inconvenience. As a result of such a holding, it is quite conceivable that attorneys for plaintiffs taking discovery depositions would insist on the use of formal notice as a means of insuring against the possibility of the suit being later considered as abandoned. This would in part defeat the legislative intent of flexibility.
The plaintiff, by taking the depositions, demonstrated an unmistakable interest in the prosecution of the suit. Should this court now hold that despite plaintiff's clear manifestation of a contrary intent he will be presumed to have abandoned his suit? I think not, and for these reasons I respectfully dissent.

On Application for Rehearing.
En Banc.
Rehearing denied.
TATE, Judge (dissenting).
The writer is of the opinion that a rehearing should be granted, since he agrees with Judge Fruge's powerful dissent that the jurisprudence relied upon by the majority did not concern a situation such as the present. A technical rule deduced from such inapplicable jurisprudence has been applied by the majority to the present differing facts and has therefore produced the unjust result of dismissing, as abandoned, a suit which has in fact been actively contested within the five years.
The scholarly majority opinion holds that this case must be dismissed as abandoned for five years' non-prosecution, even though in fact within the five years the plaintiff and the defendants were actively prosecuting and defending the suit by taking *475 discovery depositions. And indeed the majority's disposition can be justified by a literal application of the wording in some of the jurisprudence applying the former suit-abandonment statute (CC Art. 3519).
The majority fell into error, I believe, by failing to remember that, as civil law judges, our basic technique of statutory interpretation is to return to the statutory text itself, rather than being insulated from it by intervening prior decisions, see Morrow, Louisiana Blueprint: Civilian Modification and Legal Method, 17 Tul.L.Rev. 537, 546 (1943). If we refer to the statutory text itself, we find that LSA-C.C.P. Art. 561 provides only that "An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. * * *" (Italics mine.)
The question before us, then, is whether the discovery depositions taken at the instance of both the defendants (which on June 27, 1963 took the deposition of the plaintiff, P-6) and the plaintiff (see P-7 and P-8, taken on May 1, 1963) constituted "steps in its [the suit's] prosecution or defense." For the reasons assigned by Judge Frugé, as well as from a commonsensical point of view, it seems to me that we would undoubtedly have held that these discovery depositions, taken with the consent of both parties and in which counsel of both parties participated, were active steps in the prosecution or defense of the suit; if we had not become distracted from the statute itself by expressions in the jurisprudence applying its predecessor in differing contexts.
We do not in our majority opinion reach this conclusion, obviously correct (it seems to me) in the light of the statutory text itself, chiefly because the jurisprudence, in distinguishing various informal actions as insufficient to prevent abandonment, has defined a step in the prosecution or defense of an action as "some formal action before the court." As the majority notes, this is primarily based upon Sliman v. Araguel, 196 La. 859, 200 So. 280, which had held that informal negotiations between the parties did not prevent abandonment.
The primary basis of this holding was, as quoted in the majority opinion: "To hold then, that anything done in pais [Note: italics mine] might constitute a step taken in the prosecution of the suit would be to restore the whole matter to the same chaotic condition [when there was "uncertainty" as to whether the suit was abandoned;] to remedy which the predecessor statute was adopted]." 200 So. 281.
These discovery depositions, however, were not matters "done in pais." See Black's Law Dictionary (4th ed., 1951), p. 898, verbo "In pais": "This phrase, as applied to a legal transaction, primarily means that it has taken place without legal proceedings." To the contrary, these discovery depositions were formal legal proceedings, with notice to and representation of both parties in their taking. Such depositions in modern-day practice play an important part in the prosecution, defense, and disposition of a suit, and these depositions may be used at the trial, LSA-C.C.P. Art. 1428.
There is thus no uncertainty produced by considering these discovery depositions as steps in the prosecution or defense of the action, such as results when non-legal proceedings are relied upon (as to which the evidence may be conflicting as to occurrence, date, or intended effect).
Likewise, the party against whom they interrupt abandonment must be given formal notice of the taking (or else consent to it), the deposition itself must be taken in accordance with the statutory formalities, and a party has the full opportunity to be present and to defend from the effects of the taking. The taking of a discovery deposition thus is not the sort of ex parte informal action which has been *476 held not to be a step interrupting the period of time for suit-abandonment, such as the payment or partial payment of court costs or such as the self-controlled and much-delayable filing of the transcript, Henry v. Stephens, La.App. 3 Cir., 169 So. 2d 422; Sanders v. Luke, La.App. 1 Cir., 92 So.2d 156informal ex parte actions which might interrupt prescription against abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice.
We see, then, that the courts have refused to characterize matters outside the record as steps in the prosecution of the suit because: (a) of the uncertainty of accepting informal non-legal proceedings as a step preventing abandonment; or (b) of the ex parte, informal nature of the action, without formal notice to the opposing party, as being an insufficient step in the advancement of the suit. Neither of these reasons apply to the taking of discovery depositions as in the present case, with notice to and representation of both opposing parties.
In our discussions of the case, some suggestion was made that the matters constituting steps in the prosecution or defense must be formally filed in court because, inter alia, the trial court might err in its dismissal for abandonment upon ex parte motion of any party, as authorized by LSA-C.C.P. Art. 561. However, as Official Revision Comment (c) indicates, an ex parte dismissal may be rescinded by rule to vacate it upon a showing that a cause outside the record prevented accrual of the five years required for abandonment (such as that the plaintiff's failure to prosecute was due to causes beyond his control). And of course, once the jurisprudence establishes that a discovery deposition is a step interrupting the period for abandonment, it is unlikely that any party who has been given notice of or has formally participated in the taking of such a deposition, would intentionally be guilty of ill practice in moving ex parte for dismissal upon false allegations that no steps had been taken to prosecute or defend the suit.
For the reasons perhaps too fully stated, I respectfully disagree with the conclusion of my esteemed and conscientious brethren of the majority that' the discovery depositions taken at the instance of both parties, with notice to both of them, and in which they both actively participated through counsel, did not constitute steps in the prosecution and defense of this action which prevent us from considering it as abandoned.
FRUGÉ, J., believes a rehearing should be granted.