BAILES, Judge Pro Tem.
This matter is before us on a writ of certiorari which we issued for the purpose of examining the validity of the trial court’s action denying the relators’ (defendant’s) motion to dismiss this suit for lack of prosecution for five years under the provisions of LSA-C.C.P. Article 561.
For a proper understanding of the issue before us an explanation of its background is in order.
This suit had its inception as a tort action filed in 1965 seeking damages for certain physical injury allegedly sustained by plaintiff. The civil jury before whom the case was tried rendered a verdict in favor of plaintiff. District Court Judge Jess Johnson set aside the verdict on the ground that the evidence adduced was not sufficient to support the jury’s findings. A new trial was ordered.
Prior to a new trial, plaintiff instituted an action in the appropriate federal court against the then governor and attorney general of this state as well as against Judge Jess Johnson alleging that the above recited action of the district judge, the laws of Louisiana and the constitution of Louisiana were in contravention and in derogation and deprivation of plaintiff’s rights under the seventh amendment of the United States constitution.
During the pendency of this federal action, the defendants sought to have the state court action fixed for trial. To this the plaintiff objected because of the pen-dency of the federal action.
To allay the plaintiff’s objection the, defendants therein agreed not to proceed with the action during the pendency of the federal action. Although this agreement by the defendants was made in response to the request therefor by one of the federal judges, the federal court took no action to prohibit further action in the state court.
The plaintiff was at liberty to proceed with the state court action at anytime during the pendency of the federal action, but admittedly voluntarily refrained.
The three judge federal court rejected the plaintiff’s demand, and the matter was then appealed to the United States Supreme Court which affirmed the judgment of the trial court. The federal action was terminated in October, 1972. No further action was taken in the state trial court by plaintiff until November 14, 1973, at which time he requested a trial date.
At that time defendants filed a motion in the Nineteenth Judicial District Court to have this suit decreed abandoned under the provisions of LSA-C.C.P. Article 561 on showing that no action had been taken therein since January 18, 1966. After hearing the motion, the trial court found the suit had not been abandoned. Apparently, the basis for the denial of this motion was the agreement of the defendants not to pursue the state court action during the pendency of the federal action.
Before this court, the relator’s position is: First, that the trial court erred in admitting evidence outside the record of the state court action because a step in the prosecution means something done in the court record itself; and secondly, that even admitting that the evidence offered by plaintiff is admissible and that counsel for defendants did, at the request of the Federal Court, agree not to pursue the as *885 signment of the case in the state court and to withhold further action while the matter was pending in Federal Court, the trial court erred in holding that this prevented the automatic operation of the specific provisions of LSA-C.C.P. Article 561.
There is no need for any recitation of the evidence taken in the trial court on trial of the motion for the reason counsel for the defendants has admitted in oral argument the factual substance of this evidence, i. e., that defendants did agree not to pursue this state court action during pendency of the federal action. Thus, with this admission by defendants, we will confine our consideration to whether the trial court erred in holding that this agreed to inaction prevented the automatic operation of the provisions of LSA-C.C.P. Article 561.
LSA-C.C.P. 561 provides, inter alia, that:
“An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.”
Admittedly, there was no action taken by the plaintiff in this action in the state court for a period of time in excess of five years' from the date that Judge Jess Johnson ordered a new trial of the case. It is also found that there was no legal restraint imposed on the plaintiff which would have prevented him from taking action in furtherance of a judgment in the case.
The plaintiff-respondent argues that the delay in the prosecution of the state action was brought about by the inaction of the federal court in rendering its decision and that as plaintiff was required by the federal court to make the defendants-relators indispensable parties to the federal court action, the plaintiff’s claim in its entirety was before the federal court. It must be observed that this is not a matter of removal of a state action to a federal court. Further, plaintiff-respondent argues that the federal court action must be considered as action intended to hasten the suit to judgment.
We find the case of Sliman v. Araguel, 196 La. 859, 200 So. 280, is dispositive of the issue and answers all the arguments advanced by plaintiff-respondent.
Therein the Supreme Court said:
“In the case of State ex rel. Yazoo & M. V. R. Co. v. Edrington, Judge, 11 Orl. App. 288, Mr. Justice St. Paul, who later became a member of this court, as organ of the court stated:
“ ‘As it is perfectly clear that there could be no uncertainty whatever that a plaintiff had no intention of abandoning his suit, if he had actually taken some formal steps before the Court in connection therewith, it follows that the whole uncertainty grew out of things done informally and out of Court.
“ ‘Hence it was this species of uncertainty which the Legislature meant to eliminate.
“ ‘To hold then, that anything done in pais might constitute a step taken in the prosecution of the suit would be to restore the whole matter to the same chaotic condition in which it was before, and thus defeat absolutely the legislative purpose. * * * ’
“[1] The ‘step’ in the prosecution requires a formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court. Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213.”
Therefore, we hold that the plaintiff voluntarily took no action in the prosecution *886 of this case in the state court before which it was pending intended to hasten judgment for a period in excess of five years and that the requirements of LSA-C.C.P. Article 561 to declare the action abandoned have been shown.
The defendants’ motion to have the trial court declare this action abandoned should have been granted.
Accordingly, the judgment of the trial court is reversed and there is judgment herein decreeing this action abandoned for lack of prosecution for a period of five years. All court costs in district court and in this court to be paid by plaintiff-respondent.
Reversed and rendered.