303 So.2d 222 (1974)
Claude C. MELANCON, Jr., et al.
v.
Sidney E. WOOD et al.
No. 6493.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1974.
Bernard S. Dolbear, New Orleans, for plaintiffs-appellants.
Martin, Himel & Peytavin, Lloyd R. Himel, Lutcher, for defendants-appellees.
Before LEMMON, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
Plaintiffs appeal from the dismissal of their petitory action because of abandonment for want of prosecution. Plaintiffs filed suit on October 30, 1967. On September 26, 1968, defendants filed a peremptory exception of prescription. Neither party took any further action until September 26, 1973, when the plaintiffs filed in the record a request for admissions of fact with a certification that such requests had been served by mail on the defendants. Subsequently, the defendants filed a motion for dismissal because of plaintiff's failure to take any steps in the prosecution of their cause based upon LSA-C.C.P. art. 561 which states:
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismsissal as of the date of its abandonment."
* * * * * *
The trial judge granted the motion and dismissed the suit with prejudice.
We are confronted with whether the filing of the request for admissions and certificate *223 of service by mail constitutes a "step in the prosecution" which interrupts the five-year period provided for in LSA-C.C.P. art. 561.
A "step in the prosecution" has been held to be a formal action before the court which hastens the suit to judgment. See Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2nd Cir. 1973), and cases cited therein.
Plaintiffs, citing DeClouet v. Kansas City Railway Co., 176 So.2d 471 (La.App. 3rd Cir. 1965), contend that the filing of the request for admissions with the certificate of service was a formal action sufficient to interrupt the running of the five-year period. However, in DeClouet, depositions taken outside the record pursuant to the stipulation of counsel were held not to be a "step in the prosecution." Apparently, plaintiffs' claim that in DeClouet had depositions been filed and made a part of the record (as the request of admissions in the instant case), a different result would have followed.
Defendants argue, however, that the mere filing of something in the record does not constitute an interruption. According to defendants, a formal action before the court requires more than a mere filing of a pleading in the record. Their position is that the request for depositions in DeClouet was held not to be a step in the prosecution because no request for subpoena was contained in the record, nor was any request which requires a court order or definitive action by the clerk of court in the record. The crux of defendant's argument is that a formal action is more than just a pleading filed in the record; it is the request for service which constitutes the formal action which hastens the suit to judgment.
Both plaintiffs and defendants cite King v. American Motorists Ins., 295 So.2d 26 (La.App. 4th Cir. 1974) to support their respective positions. In King, the plaintiff filed in the record an amended petition with a request for service of process on the defendants. This court held that the filing of the amended petition and the request upon the clerk for service of process was a step in the prosecution which interrupted the running of the five-year period. Plaintiffs suggest that the filing of the request for admissions with the certificate of service by mail in the instant case is analogous to the filing of the amended petition and the request upon the clerk for service of process in the King case. On the other hand, defendants maintain, in the King case, the filing of the request for service of process is the formal action which is required to constitute the interruption.
While no request for service of process was made by plaintiffs in the instant case, the request for admissions was filed in the record and the certificate of service by mail was attached to the request. Authority for such service is found in LSA-C.C.P. art. 1313.[1] In such a request, service by mail enjoys the same formality, the same efficacy, and the same dignity in law as does service through the clerk and sheriff. It reasonably follows, therefore, if a request for service of process *224 through the clerk is a step in the prosecution, then the statutory sanctioned notice by mail also constitutes a step in the prosecution when the timely certificate is made a part of the request for admissions timely filed in the record. Accordingly, we conclude the request for admissions and certificate of service by mail is a step in the prosecution which interrupted the five-year prescriptive period.
Finally, we reject defendants' argument that the request did not hasten the suit to judgment and is not a step in the prosecution because the information sought in the request for admissions is available in the conveyance records of St. James Parish. Clearly, the requests are material to the cause. Because the information requested can be obtained by an alternative method does not defeat the validity of the request.
We conclude, therefore, the cause has not been abandoned. Having so concluded, we reverse. The matter is remanded to the trial court for further proceedings consistent with the above.
Reversed and remanded.
LEMMON, J., concurs with written reasons.
LEMMON, Judge (concurring).
I believe the filing of a request for admissions (irrespective of the certificate of service by mail) constitutes a step in the prosecution of the case, as contemplated by C.C.P. art. 561. Some language in previous cases may indicate that mere filing of a request for admissions is not a step in the prosecution. However, the obvious purpose of the statute is to dismiss abandoned cases. In my opinion the statute was not intended to require dismissal of those cases in which the party has demonstrated an unmistakable intention not to abandon the case.
NOTES
[1] LSA-C.C.P. art. 1313 reads as follows:

"A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this article, may be served either by the sheriff or by:
"(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing;
"(2) Delivering a copy thereof to the adverse party, or to his counsel of record; or
"(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
"When service is made by mail or delivery, the party or counsel making the service shall file in the record a certificate of the manner in which service was made."