BOUTALL, Judge.
Defendant heirs of Oscar M. Sanderson obtained an ex parte order dismissing plaintiff’s suit as abandoned under C.C.P. Art. 561. Plaintiff filed a rule nisi questioning the validity of that order, and judgment was rendered dismissing the rule and maintaining the order of dismissal of suit. Plaintiff appeals.
The pertinent facts are that Guedry Finance Company, Inc. filed a suit on a promissory note January 21,1971, and the sheriff returned citation not served, February 1, 1971. Within five years of those dates nothing was done except on November 14, 1975, plaintiff filed a motion to withdraw the promissory note from the registry of the court to use in another suit against these heirs. The sole question is did thát action constitute a step in the prosecution so as to prevent abandonment? Louisiana Code of Civil Procedure Article 561 states in pertinent part:
“An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.”
 The interpretation of that rule is that a step in the prosecution of a suit requires some formal move which must appear in the court record in the subject court and intended to hasten judgment therein. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). A motion to withdraw the promissory note upon which the suit is based may have been of assistance in prosecuting the other suit, but it is certainly not a step in the prosecuting of this suit. See for example, Lips v. Royal Insurance Company of Liverpool, 149 La. 359, 89 So. 213 (La.1921) arising under then Civil Code Article 3519 in which a motion for permission to withdraw the record was made.
The judgment is affirmed.

AFFIRMED.