# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-1093

NORMA HENRY

VERSUS

UNITED SOUTHERN ASSURANCE CO. AND LIONEL D. ROSETTE, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 96-C-0645-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Jarvis Jerome Claiborne
P. O. Box 1033
Opelousas, LA 70571-1033
Telephone:  (328) 948-4336
COUNSEL FOR:
    Plaintiff/Appellant - Norma Henry

Lionel D. Rosette, Jr.
1746 Evans Street
Opelousas, LA 70570

THIBODEAUX, Chief Judge.

Plaintiff, Norma Henry, appeals the judgment of the trial court which dismissed her lawsuit on the basis of abandonment. The trial court concluded that no steps had been taken for a period greater than three years after the submission of evidence during a hearing to confirm a preliminary default. Initially, the trial court allowed the record to remain open for the submission of further proof. We affirm pursuant to La.Code Civ.P. art. 561.

I.

## ISSUE

We shall consider whether the three-year time limitation on abandonment in La.Code Civ.P. art. 561 applies solely to pre-trial procedures.

II.

## FACTS

Plaintiff, Norma Henry, filed a petition for damages against Lionel D. Rosette and United Southern Assurance Company on August 2, 1995, for an alleged automobile accident. Both defendants were served personally and neither defendant filed an answer or a responsive pleading. Ms. Henry filed for and obtained an order for preliminary default against both defendants on July 11, 1996. On May 11, 1997, the trial court did not confirm the default and left the note of evidence open for remaining testimony, and an affidavit to establish the driver of the vehicle and the insurance status.

On September 10, 2003, the deposition of the defendant, Lionel D. Rosette, Jr., was taken. On March 5, 2004, plaintiff filed the deposition with the clerk's office. The plaintiff requested that this deposition be entered into the note of

evidence. The trial court considered this suit to be abandoned pursuant to La.Code Civ.P. art. 561. As a result, the request to enter the deposition into evidence was denied and the case was dismissed.

III.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 561 governs the issue of whether a suit has been abandoned. The article provides, in pertinent part, that "an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]" La.Code Civ.P. art. 561(A)(1). The purpose of [this article] was to "put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue." *Sanders v. Luke,* 92 So.2d 156, 157 (La.App. 1 Cir. 1957). More importantly, it has been described as a balancing concept, "on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription." *Id.* at 159.

The Louisiana Supreme Court has explained that Article 561 imposes three requirements:

> First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a 'step' is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with exception of formal discovery, must appear in the record of the suit. *Third, the step must be taken within the legislatively prescribed time period of the last step taken by either*

2

*party*; sufficient action by either plaintiff or defendant will be deemed a step. (emphasis added).

*Clark v. State Farm Mut. Auto Ins. Co.*, 00-3010, p. 6, (La. 5/15/01), 785 So.2d 779, 784 (footnotes omitted). In this case, the plaintiff, Norma Henry, failed to take any formal action to interrupt the three-year period set forth by the legislature. The deposition of the defendant was taken over six years after the initial attempt to confirm the default. Ms. Henry suggests that Article 561 applies only to pre-trial issues. We disagree. The phrase 'steps in its prosecution' as used in this article providing that an action is abandoned when parties fail to take any steps in its prosecution or defense in trial court for period of [three] years "requires some formal action before the court intended to [h]asten suit to judgment." *State Through Dep't. of Highways v. Jackson*, 211 So.2d 93, 95 (La.App. 1 Cir. 1968). Neither the language of the article nor the purpose of the abandonment mechanism suggests that the three year prescribed period is limited to pre-trial issues. Furthermore, in *Nora v. Stanford*, 93-3061 (La. 2/14/94), 633 So.2d 1209, where a plaintiff presented evidence sufficient for confirmation of default judgment, but failed to present formal judgment to trial for nine years, the supreme court found the action was properly dismissed as abandoned because of non-prosecution for the prescribed time. Similarly here, the evidence for confirmation of default, namely the deposition of Mr. Rosette, was not introduced in a timely manner.

In addition, we find no merit in the argument that the trial judge did not place a time limit as to when the evidence is to be admitted. The law provides the time limit. Although parties can agree to renounce prescription or waive a prescriptive period, a court cannot unilaterally circumvent a prescribed period. In *Putch v. Straughan*, 397 So.2d 38, 40 (La.App. 2 Cir.), *writ denied*, 401 So.2d 976 (La.1981), the appellate court deemed the action abandoned and opined that, "[a]fter

3

the [trial] court's statement that the case was being continued for argument, it was plaintiff's responsibility to request the trial judge fix a date for that argument." In this case, no waiver occurred nor was there an agreement to renounce prescription. Ms. Henry had the responsibility to take steps in the prosecution of the action and submit the case to the judge for a decision within three years of the first attempt to confirm the default. Her failure is fatal to her lawsuit.

IV.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's dismissal of the plaintiff's claim pursuant to La.Code Civ.P. art. 561. Costs are assessed to plaintiff, Norma Henry.

**AFFIRMED**.

4