CRICHTON, J.,
additionally concurs and assigns reasons.
Ii agree with the majority that the plaintiffs abandoned their suit because they failed to take any step in the prosecution in the trial court for a period of three years. Specifically, nothing was filed in the record from July 8, 2010 until March 12, 2014. The December 14, 2012 letter purportedly scheduling a Rule 10.1 conference relied on by the plaintiffs is insufficient to interrupt the abandonment period. It is undisputed that this letter was not filed into the record and the plaintiffs presented no evidence establishing the defendant had any notice of this letter. In the absence of any evidence the defendant had notice, I believe the concerns raised almost fifty years ago by then Judge Albert A. Tate, Jr. in his dissent from the denial of a rehearing in DeClouet v. Kansas City Southern Ry. Co., 176 So.2d 471, 476 (La.App. 3 Cir. 1965), are applicable — namely, allowing ex parte actions to serve as a step in the prosecution “might interrupt prescription against abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice.”