# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-140

**HAROLD BREAUX, JR.**

**VERSUS**

**TERRY B. SOILEAU**

\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO.
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
### JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion and, Van H. Kyzar, Judges.

**REVERSED.**

**Terry B. Soileau, Pro Se**
**2117 S. Victory Dr.**
**Houston, TX  77088**
**(346) 400-6213**
  **Pro Se, Apellant/Defendant**

**Trent J. Gauthier**
**115 W. Main St., Suite19**
**Lafayette, LA  70501**
**(337) 290-1806**
  **Attorney for Appellee/Plaintiff, Harold Breaux, Sr.**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

In September of 2003 Harold Breaux, Sr. (Breaux) filed suit against Michael Brown individually and in his official capacity as a Lafayette Parish police officer, and against Lafayette City Parish Consolidated Government. Breaux was represented by Terry B. Soileau (Soileau) in that litigation. The record reflects the case was removed to federal district court in Lafayette, Louisiana on November 28, 2006. On December 18, 2006, the U.S. District Court for the Western District of Louisiana, Lafayette Division, signed a judgment dismissing "all remaining federal claims against Officer Michael Brown and the Lafayette City-Parish Government" with prejudice. The federal district court adopted the written recommendations and conclusions of the magistrate assigned to the matter. The federal district court noted that no objections to the magistrate's recommendations and conclusions were filed by either party. The case was remanded to the Fifteenth Judicial District Court and received by that court on January 8, 2007. After it was remanded to the Fifteenth Judicial District Court there was no further activity on the matter for seven years. On February 8, 2014, the Fifteenth Judicial District Court signed an Ex Parte Order of Dismissal on Grounds of Abandonment. The Order of Dismissal did not state the date on which the matter became abandoned but merely stated that "no step has been timely taken in the prosecution or defense of this action for a period of more than three years, and as such, this matter has been abandoned pursuant to the provisions of LSA-C.C.P. art. 561…" The Order dismissed the matter "with prejudice" against defendant Brown "individually and in his official capacity" and Lafayette City-Parish Consolidated Government.

On February 26, 2015 Breaux, represented by Trent Gauthier (Gauthier), filed a "Petition for Damages" against Soileau and his malpractice insurer, alleging

Soileau committed malpractice when he allowed his client Breaux's case against Officer Brown and Lafayette City-Parish Government to become abandoned for failure to prosecute. Soileau answered the petition on March 26, 2015. Breaux subsequently filed a motion for summary judgment on liability which the trial court granted on July 20, 2015. The trial court did not designate its judgment as a final judgment. Trial on the merits was set for September 4, 2018. Seven days prior to trial on the merits Soileau filed an Exception of Peremption, asserting that any and all claims by Breaux against Soileau for allowing Breaux's suit to be abandoned had long been perempted. No date was set for a hearing on the exception. Trial proceeded on September 4, 2018 without Soileau present and a judgment was rendered in favor of Breaux awarding him $45,000.00 in general damages and all costs of court. Soileau appeals the judgment asserting two assignments of error:

> Assignment of Error No. 1: The trial court committed error when it allowed this case to proceed to trial in spite of having received notice that the case was time-barred by operation of law, through preemption (sic).

> Assignment of Error No. 2: The trial court committed reversible error in granting judgment in favor of the Plaintiff in spite of the fact that, as was clear on the face of the record, the suit was time-barred, and any natural obligation that could have supported such a judgment had been extinguished by preemption.

## Legal Analysis

Actions against attorneys for malpractice are governed by La.R.S. 9:5605 (emphasis added) which provides:

A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or*

*should have been discovered; however, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.***

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. **The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.**

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, *the prescriptive and peremptive period shall be governed exclusively by this Section*.

D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

Under these provisions a client seeking to recover damages against his attorney for malpractice must file suit no later than three years from the date he discovered or should have discovered the alleged act or omission giving rise to the suit, except in cases of fraud. There are no allegations of fraud in Breaux's petition against Soileau. In this case, when the original suit filed in the Fifteenth Judicial District Court was remanded from the federal district court and received by the state district court on February 8, 2007, Breaux had *at most* three years to move the litigation forward to avoid abandonment under the provisions of La.Code Civ.P. art. 561. Because there was no activity in the case for three years *the case was abandoned by operation of law* at the latest on February 8, 2010:

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, *is abandoned* when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:

(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.

(2) Terminated by Acts 2007, No. 361, § 1, eff. Aug. 26, 2010.

(3) **This provision shall be operative without formal order**, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, **the trial court shall enter a formal order of dismissal as of the date of its abandonment**. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

(6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.

La.Code Civ.P. art. 561 (emphasis added).

In *Associated Design Grp., Inc. v. Albert*, 11-1555, pp. 3-4 (La. App. 3 Cir. 4/11/12), 87 So.3d 1023, 1026 quoting *Compensation Specilaities, L.L.C. v. New England Mut. Life Ins. Co.*, 08-1549, p.5 (La.App. 1 Cir. 2/13/09), 6 So.3d 275, 279, *writ denied*, 09- 575 (La.4/24/09), 7 So.3d 1200, this court recognized that:

The Louisiana Supreme Court has held that **Article 561 is self-executing; it occurs automatically upon the passing of three years without either party taking a step**, and **it is effective without a court order.** *Clark v. State Farm Mutual Automobile Ins. Co.,* 2000–3010 (La.5/15/01), 785 So.2d 779, 784. It is unnecessary for a defendant to file a motion to dismiss with the court in order to make a plaintiff's abandonment of the case effective. *Washington v. City of Baton Rouge,* 99–1987 (La.App. 1 Cir. 2/18/00), 752 So.2d 367, 369.

Thus, under La.R.S. 9:5605(A), Breaux had three years at the longest from February 8, 2010, to file suit against Soileau for his alleged malpractice in allowing Breaux's suit to become abandoned, i.e. February 8, 2013. The formal order of abandonment obtained by Brown and Lafayette City-Parish Consolidated Government is of no significance and is not the operative date triggering Breaux's time frame. Breaux did not file suit against Soileau alleging malpractice until February 6, 2015, a date long after his right to sue Soileau was perempted. La.R.S. 9:5605(B). Louisiana Code of Civil Procedure Article 3461 expressly provides that "Peremption may not be renounced, interrupted, or suspended." No action by Soileau can be construed as a waiver of peremption. It is of no moment that Soileau did not raise the issue of peremption to defeat the motion for summary judgment or that he did not attempt to attack the summary judgment. He could not appeal the judgment as it was not a final judgment. When the trial court granted summary judgment on the issue of liability it did not designate it a final judgment. Breaux's motion for summary judgment was rendered under the provisions of La.Code Civ. P. art 966(E).[1]

Louisiana Code of Civil Procedure article 1915(A) provides, in pertinent part:

---

[1] A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.

La.Code Civ.P. art. 966(E).

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

. . .

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, *but not including a summary judgment granted pursuant to Article 966(E).*

. . .

(5) Signs a judgment on the issue of liability *when that issue has been tried separately by the court*, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

Here, the motion for partial summary judgment was granted as to the liability of Jack Tittle for legal malpractice pursuant to Louisiana Code of Civil Procedure article 966(E), leaving only the issue of damages to be tried. Therefore, by virtue of the literal language of Louisiana Code of Civil Procedure article 1915(A)(3), the judgment is not immediately appealable in the absence of a designation of finality pursuant to art. 1915(B). In *Crescent City Physicians, Inc. v. Desse,* 2004–1280 (La.10/1/04), 883 So.2d 963, the Louisiana Supreme Court reversed this court and dismissed the appeal of a partial summary judgment on the issue of liability. In his concurrence, Chief Justice Calogero noted that La. C.C.P. art. 1915(A)(5) "is not applicable in this case because the issue of liability was not tried separately by the court.... Instead, the trial court granted a partial summary judgment on the liability issue pursuant to ... art. 966(E)." *Id.* (Calogero, C.J., concurring).

Accordingly, we find that absent a designation of finality pursuant to Louisiana Code of Civil Procedure 1915(B), the partial summary judgment rendered by the trial court on the issue of liability is not appealable.

*Diecidue v. Tittle*, 12-903, pp. 3-5 (La. App. 4 Cir. 8/14/13), 122 So.3d 1143, 1145–46 (emphasis added).

Soileau filed an exception of peremption seven days before trial on the merits. The trial court did not set a date for a hearing on the exception but discussed the timeliness of Soileau's exception. The trial court indicated the exception was timely filed and noted that Plaintiff did not have time to file a response to the exception

6

because of the date he received notice of it. Although the trial court acknowledged to Plaintiff's counsel on the record that it might have to dismiss the case because Plaintiff's action was perempted, it nevertheless proceeded with a trial on the merits without addressing Soileau's exception of peremption. This would indicate that the trial court was referring the exception to the merits, as it may, in its discretion, do when the exception is filed after the answer but before trial. The record, however, contains no indication that the trial judge ruled on the exception which must be taken as a denial of the exception. We are mindful that Soileau did not appear at the trial on the merits despite being served with a subpoena to appear and despite that he was representing himself *pro se*. Nevertheless, the exception of peremption may be determined from the pleadings and *may be filed at any time including on appeal*. The record contains sufficient information from which the trial court should have concluded that Plaintiff's action for malpractice against Soileau had long been perempted. The law and jurisprudence make clear that:

> Statutes of peremption *destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost*.

*Guillory v. Avoyelles Ry. Co.,* 104 La. 11, 28 So.899, 901 (1900)(emphasis added) and *Pounds v. Schori,* 377 So.2d 1195 (La.1979).

In 1986 the supreme court more fully explained the distinction between prescription and peremption:

> Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La.C.C. art. 1762(1)); peremption however, extinguishes or destroys the right (La.C.C. art 3458). Public policy requires that rights to which preemptive periods attach are to be extinguished after passage of a specified period. **Accordingly, nothing may interfere with the running of a preemptive period.** It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as *contra non valentum* are not applicable.

7

*Hebert v. Doctors Memorial Hospital*, 486 So.2d 717, 723 (La. 1986)(emphasis added).

> As La. R.S. 9:5605(B) clearly provides that the one and three year periods are peremptive, in *Reeder v. North,* 97–0239 (La.10/21/97), 701 So.2d 1291, this Court held that the three-year period was peremptive and thus, the plaintiff's claim was time-barred because he did not file his action three years from the date of the negligent act, even though he did not discover the basis for his claim until after that time period had expired. While we realized the unfairness that may result from this holding, we recognized that the enactment of a statutory period for filing suit is strictly a legislative prerogative, just as it would be within the legislative prerogative not to allow a legal malpractice action at all. 701 So.2d at 1297. Because the statute is peremptive, rather than prescriptive, we declined to allow the period to be suspended by the "continuous representation rule," holding that, because peremptive periods may not be renounced, interrupted, or suspended, the doctrine of *contra non valentum* does not apply. *Id.* at 1298.

> While the facts in *Reeder* concerned the three-year period of La. R.S. 9:5605 and led to our holding that the three-year period was peremptive, for the same reasons we stated in *Reeder,* the one-year period is also peremptive. *See* La. R.S. 9:5605(B) ("[t]he one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended"); *Teague v. St. Paul Fire and Marine Ins. Co.,* 07–1384 (La.2/1/08), 974 So.2d 1266, 1274 ("[a] straightforward reading of the statute clearly shows that the statute sets forth two peremptive limits within which to bring a legal malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three-year limitation from the date of the alleged, act, omission, or neglect to bring such claims").

*Naghi v. Bener*, 08-2527, pp. 5-6 (La. 6/26/09), 17 So.3d 919, 922-23(footnotes omitted).

In *Warner v. Carimi Law Firm*, 98-613 (La. App. 5 Cir. 12/16/98), 725 So.2d 592, 598–99, *writ denied*, 99-0466 (La. 4/1/99), 742 So. 2d 560 the fifth circuit, reasoned that "because a peremptive period may not be interrupted or suspended, [it] decline[d] to hold that a cause of action which has been totally destroyed may be resurrected by the plaintiff."

Again, in *Borel v. Young*, 07-419 pp. 8-9 (La. 11/27/07), 989 So.2d 42, 48-9

(emphasis added), the supreme court reiterated its prior holdings emphasizing that:

> Peremption is a period of time fixed by law for the existence of a right, and unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. Civ.Code art. 3458. Thus, peremption is a period of time, fixed by law, within **which a right must be exercised or be forever lost**. *Guillory v. Avoyelles Ry. Co.,* 104 La. 11, 15, 28 So. 899, 901 (1900). Consequently, peremption may not be renounced, interrupted, or suspended. La. Civ.Code art. 3461. **It may, however, be pleaded or supplied by the court on its own motion at any time prior to final judgment**. La. Civ.Code art. 3460.
>
> Peremption differs from prescription in several respects. While liberative prescription merely prevents the enforcement of a right by action, it does not terminate the natural obligation; peremption, however, destroys or extinguishes the right itself. *Ourso,* 02–1978 at p. 4, 842 So.2d at 349; *Hebert,* 486 So.2d at 723; *Pounds v. Schori,* 377 So.2d 1195, 1198(La.1979). Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, **nothing may interfere with the running of a peremptive period**. *Ourso,* 02–1978 at p. 4, 842 So.2d at 349; *Hebert,* 486 So.2d at 723; *Reeder v. North,* 97–0239 (La.10/21/97), 701 So.2d 1291, 1298. The peremptive period may not be interrupted or suspended or renounced, and exceptions such as *contra non valentem* are not applicable. *Ourso,* 02–1978 at p. 4, 842 So.2d at 349; *Hebert,* 486 So.2d at 723; *Reeder,* 701 So.2d at 1298.

More recently, in *Jenkins v. Starns*, 11-1170, p. 24 (La. 1/24/12), 85 So.3d

612, 626, the supreme court found the continuous representation rule inapplicable

to actions for legal malpractice:

> Reaffirming this Court's decision in *Reeder, Teague*, and *Naghi,* we find La. R.S. 9:5605 clearly provides three peremptive periods: (1) a one-year peremptive period from the date of the act, neglect, or omission; (2) a one-year peremptive period from the date of discovering the act, neglect, or omission; (3) and a three-year peremptive period from the date of the act, neglect, or omission when the malpractice is discovered after the date of the act, neglect, or omission. We further find the continuous representation rule cannot apply to suspend the commencement of these peremptive periods, as it would render La. R.S. 9:5605(B) meaningless.

Thus, under the well-established jurisprudence it is clear that when Breaux

filed his action against Soileau it had long before been perempted and nothing allows Breaux to resurrect his "forever lost" dead claim. When the trial court rendered summary judgment on liability in favor of Breaux its judgment was an absolute nullity because no basis in law existed upon which to find Soileau liable. Were we to find that Soileau's failure to expressly raise an exception of peremption prior to the trial court's ruling on the motion for summary judgment somehow revives a non-existent claim we would be allowing the resurrection of a dead and non-existent claim, and would run afoul of the law and jurisprudence's clear directives that nothing "may interfere with the running of a peremptive period." *Borel*, 85 So.3d at 626. We note too, in passing, that Breaux's petition was crafted to leave out pertinent dates that he was well aware of, and instead listed only the date of the formal order of abandonment so as to present a colorably timely, viable claim.

For the reasons stated, we reverse the trial court judgment and dismiss Plaintiff's suit with prejudice. All cost of this appeal are assessed against Harold Breaux, Jr..

**REVERSED.**